UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ADAM PAVUR, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-cv-2796 |
| | ) |
| ILLINOIS BELL TELEPHONE | ) Judge John W. Darrah |
| COMPANY d/b/a/ AT&T ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Adam Pavur filed this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. § 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115 *et seq.* ("IWPCA") against his former employer, Defendant Illinois Bell Telephone Company ("Illinois Bell"). Defendant filed a Motion to Dismiss [19] under the Federal Rule of Civil Procedure 12(b)(6) based on the statutes of limitations. Defendant's Motion [19] is granted in part and denied in part.

## BACKGROUND

Plaintiff worked as a Cable Splicer for Defendant, working out of assigned garages in Bourbonnais and Cermak. (Compl. ¶¶ 17, 18.) Plaintiff typically worked an eight-hour shift with an additional one-half-hour unpaid lunch break. (*Id.* ¶ 13.) Plaintiff was not required to punch a clock for when he started and ended his workdays but was required to report individual times that were spent on discrete tasks throughout the day. (*Id.* ¶¶ 24, 25.) Each workday, Illinois Bell required Plaintiff to leave the garage enroute to his assigned jobs no later than twenty minutes following the start of his shift. (*Id.* ¶ 32.) Prior to leaving the garage, Plaintiff

would check for supplies, review blueprints, review jobs, talk with his manager, talk with other Cable Splicers about work, complete his timesheet from a prior day and work on his computer. (*Id.* ¶ 33.) In order to accomplish these tasks, Plaintiff typically began working at the garage forty-five minutes to one hour prior to the designated start of his shift. (*Id.* ¶ 34.) Four days a week, Plaintiff typically ate his lunch while completing additional work. (*Id.* ¶ 36.) During that time, Illinois Bell's timekeeping systems automatically deducted one-half-hour from Plaintiff's pay for lunch, and Plaintiff was instructed not to record this time worked on his timesheet. (*Id.* ¶¶ 38-47).

Plaintiff's Complaint is related to a collective bargaining action currently pending in the Northern District of Illinois, *Blakes v. Ill. Bell Tel. Co.*, Case No. 11 CV 336. (*Id.* ¶ 6). The *Blakes* action claims that the defendant violated the FLSA by failing to pay cable splicers for all time worked; the claims alleged unpaid lunch breaks and post-shift completion of timesheets. *Blakes v. Ill. Bell Tel. Co.*, 11 CV 336, 2013 WL 6662831, at *2 (N.D. Ill. Dec. 17, 2013). The *Blakes* court found parts of the unpaid wage action suitable for collective adjudication and decertified the remaining parts. *Id.*

Certain plaintiffs then filed another class action suit, related to decertified claims in *Blake*, in *Tinoco et al. v. Illinois Bell Telephone Company*, 14-cv-1456. On March 24, 2015, the claims of the *Tinoco* plaintiffs were severed, and individual plaintiffs were ordered to file amended complaints containing only their individual claims, on or before July 30, 2015. (Dkt. 1.) On July 30, 2015, Plaintiff timely filed an Amended Complaint to recover unpaid wages not certified in the *Blakes* collective action. (Compl.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). All reasonable inferences must be drawn in plaintiff's favor when a defendant seeks a dismissal because the claim is time-barred. *Cornfield by Lewis v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1324 (7th Cir. 1993).

## ANALYSIS

### *IWPCA Claim*

Defendant contends that Plaintiff's IWPCA claim is preempted by the Labor Management Relations Act ("LMRA") and should be dismissed. To determine whether Section 301 preempts state law claims, the Court must determine whether the state law claim is founded directly on rights created by the collective bargaining agreement ("CBA"), and whether the claim

is substantially dependent on analysis of that agreement. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987). "[E]ven if dispute resolution is pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988).

Plaintiff claims that he was not compensated "for all hours worked in excess of forty in a week" and that the applicable CBA requires Defendant to pay him overtime at a rate of time and one half for all hours worked in excess of forty in any given week. The CBA provides for overtime pay for time worked in excess of forty hours, and the calculation of that pay would require an analysis of pay rate, credits for non-worked time, the application of shift differentials, and the "interplay between premium and overtime pay". (Dkt. 20.) Plaintiff argues that his right to recover unpaid overtime wages is guaranteed by Illinois law and is not created by the CBA. Plaintiff further argues that interpretation of the CBA is not required to resolve this dispute because the applicable overtime rates and damages can be estimated based on Plaintiff's timesheets and other employment records.

Plaintiff cannot seek to enforce his right to overtime based on the applicable CBA while attempting to avoid preemption by disclaiming his rights under the other applicable overtime provisions. If Plaintiff wishes to "collect overtime compensation under the IWPCA pursuant to the CBA, he must do so pursuant to all of the relevant terms." *House v. Illinois Bell Tel. Co.*, No. 15 C 2718, 2015 WL 7731866, at *5 (N.D. Ill. Dec. 1, 2015).

Plaintiff also contends that Illinois Bell promised to pay him overtime for all hours worked in excess of forty per week through its "Code of Business Conduct" and "Reporting Time Worked" policies. To state an IWPCA claim, Plaintiff must allege that Illinois Bell owed him unpaid wages pursuant to an employment contract or agreement. *Brand v. Comcast Corp.*, 2013 UL 1499008, *2 (N.D. Ill. April 11, 2013). The "Code of Business Conduct" contains a disclaimer stating that it is not a contract of employment and does not create contractual rights between Defendant and its employees. (Dkt. 20 Exh. C.) The majority of courts in this district have found that this type of written disclaimer prohibits a finding of mutual asset and cannot form the basis of an IWPCA claim. *See Mooney v. Wyndham Worldwide Operations, Inc.*, No. 13–cv–6592, 2014 WL 2959270, at *2 (N.D.Ill. Jul. 1, 2014) (collecting cases); *see also House,* 2015 WL 7731866, at *5.

Plaintiff also bases his IWPCA claim on the "Reporting Time Worked" policy. This policy states that overtime will be paid to non-exempt employees "for all hours actually worked in excess of 40 hours in a workweek." (Dkt. 20 Exh. D.) However, this policy indicates Defendant's intention to comply with its statutory obligations, and does not create a separate, actionable employment agreement. To survive a motion to dismiss, Plaintiff "must point to an agreement that is more than an allegation that the employer is bound by existing overtime laws." *Brand,* 2013 WL 1499009 at *6. If preempted, the claim must be brought under the LMRA, which requires employees to exhaust CBA grievance and arbitration remedies before filing suit. *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 501 (7th Cir. 1996).

*FLSA and IMWL Claims*

Defendant further contends that Plaintiff's pre-February 28, 2011 claims are barred by the relevant statutes of limitations. FLSA claims must be alleged within two years after the cause of action accrued, or within three years if the violation was willful. 29 U.S.C. 255(a). IMWL claims must be alleged "within 3 years from the date of the underpayment." 820 Ill. Comp. Stat. 10/12(a). Once an individual opts into an FLSA collective action, the statute of limitations is tolled from the date that the individual's consent form was filed. *See* 29 U.S.C. §§ 255-256. "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). If a collective action is decertified, opt-in plaintiffs are dismissed to pursue one or more individual actions. *See Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010). The statute of limitations on plaintiffs' claims then resumes upon that dismissal. *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 265-67 (7th Cir. 1998) (citing *American Pipe*, 414 U.S. at 561 (1974)).

Plaintiff filed his respective consent in the *Blakes* action on August 18, 2011. (Compl. ¶ 12). After decertification of certain claims, Plaintiff was then a party Plaintiff in *Tinoco et al. v. Illinois Bell Telephone Company*, which was filed on February 28, 2014. On March 24, 2015, the *Tinoco* court severed the action and permitted the plaintiffs to file individual actions by July 30, 2015. Plaintiff filed the instant Complaint on July 29, 2015. Because the statute of limitations is tolled from the date the individual's consent form was filed, Plaintiff's claims relate back three years to August 18, 2008.

However, Defendant contends that the *Blakes* action only tolls the statute of limitations as to lunch break claims based on job site security and travel between sites and time-sheet claims that occurred after shifts. Defendant argues that any of Plaintiff's claims which differ from the precise scope of the claims in *Blakes* were not tolled. However, many of the cases that Defendant cites discuss adding an entirely new type of claim. In *Hutton v. Deutsche Bank AG*, the claims were not tolled because the previous class action "did not include any state consumer protection act claims." *Hutton v. Deutsche Bank AG*, 541 F. Supp. 2d 1166, 1172 (D. Kan. 2008). The court in *In re Vertrue Mktg. & Sales Practices Litig.* found that plaintiff's RICO claim was not tolled because there were no RICO claims in the class action. *In re Vertrue Mktg. & Sales Practices Litig.*, 712 F. Supp. 2d 703, 719 (N.D. Ohio 2010). Here, Plaintiff does not seek to assert a claim under a new statute or theory.

Defendant also cites to *Spann v. Cmty. Bank of N. Virginia*, No. 03 C 7022, 2004 WL 691785, at *1 (N.D. Ill. Mar. 30, 2004) to support its argument that Plaintiff's FLSA and IMWL actions are time-barred to the extent that the allegations in the Second Amended Complaint do not mirror the allegations asserted in *Blakes*. As noted by Judge St. Eve in *Ballard v. Illinois Bell Tel. Co.,* No. 15 C 2687, 2015 WL 6407574, at *3 (N.D. Ill. Oct. 21, 2015), *Spann* involved two separate actions, while *Ballard* was not a separate lawsuit but was a part of the *Blakes* action. As in *Ballard*, Plaintiff's claims in the current action are consistent with the original claims in *Blakes* and as such, relate back to *Blakes* pursuant to Federal Rule of Civil Procedure 15(c).

The *Blakes* action addressed alleged violations of the FLSA and the IMWL due to Defendant's failure to pay cable splicers for all time worked. *Blakes,* 2011 WL 2446598, at *2

(N.D. Ill. June 15, 2011). Indeed, the FLSA consent form in the *Blakes* action only referenced "additional wages for the unpaid hours I have worked for the Defendant." In the present suit, Plaintiff alleges he was not paid for time he worked through his lunch break and that he was not compensated for work completed outside of his normal hours. (Compl. ¶¶ 49-55). Plaintiff's present claims fall within the scope of the *Blakes* claims for the purposes of tolling.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss [19] is granted in part and denied in part. Plaintiff's IWPCA claim is dismissed with prejudice.

Date: _____January 21, 2016_____     _____
                                          JOHN W. DARRAH
                                          United States District Court Judge